**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| TRACEY REAM,<br>Plaintiff,<br><br>v.<br><br>FRANK BISIGNANO,<br>*Commissioner of Social Security*,<br>Defendant. | :<br>:<br>:<br>:<br>:<br>:<br>:<br>: | NO. 1:25-CV-00269<br><br><br><br>(CAMONI, M.J.) |

**MEMORANDUM OPINION**

Plaintiff Tracey Ream brought this action under 42 U.S.C. § 1383(c)(3), seeking judicial review of the final decision of the Commissioner of Social Security denying her claim for disability under Title II of the Social Security Act. Transcript, doc. 8-2 at 38. She challenges the Administrative Law Judge's (ALJ) assessment of the residual functional capacity. *See* Pl.'s Br., doc. 16 at 8, 12, 19. Because the ALJ's determinations are supported by substantial evidence, the Court will affirm the decision of the Commissioner.

## I. BACKGROUND

### A. Procedural History

On February 16, 2022, Ream applied for disability benefits under Title II of the Social Security Act, alleging onset of disability as of May

16, 2017. Doc. 8-3 at 2. Following an initial denial, Ream submitted an appeal, requesting a hearing before an ALJ. Doc. 8-4 at 18. The ALJ conducted the hearing and determined that Ream was not disabled. Doc. 8-2 at 38.

Ream filed a request for review of the ALJ's decision, which the Appeals Council denied. *Id.* at 2. The ALJ's decision, therefore, became the final decision of the Commissioner. 42 U.S.C. § 405(g). Pending before this Court is Ream's action seeking judicial review of the Commissioner's decision. Complaint, doc. 1. This case is fully briefed (docs. 16, 20-21) and ripe for resolution. The parties consented to the jurisdiction of a United States Magistrate Judge to conduct all proceedings in this case, pursuant to 28 U.S.C. § 636(c) and Federal Rule of Civil Procedure 73, including entry of final judgment. Doc. 9.

**B. The Disability Determination Process**

To determine whether a claimant is disabled under the Social Security Act, an ALJ applies a "five-step sequential evaluation process." 20 C.F.R. § 404.1520(a)(4). The ALJ assesses whether the claimant:

1. has engaged in substantial gainful activity since the onset of the alleged disability;

2. had a severe medically determinable impairment;

3. suffered from an impairment listed in the regulations as presumptively disabling;

4. could return to his past work; and

5. could perform other available work in the national economy.

*See* § 404.1520(a)(4)(i)–(v).

Between steps three and four, the ALJ also determines whether the claimant's RFC allows the claimant to continue his previous employment. § 404.1520(a)(4)(iv). RFC "is the most [a claimant] can still do despite" impairments. § 404.1545(a)(1). The claimant bears the burden of persuasion through step four, while at step five, the burden shifts to the Secretary to show that the claimant can perform substantial gainful employment other than the claimant's past relevant work. *Williams v. Sullivan*, 970 F.2d 1178, 1181 (3d Cir. 1992), citing *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987).

**C. Issues on Appeal**

After following the five-step sequential analysis, the ALJ determined that Ream "was not under a disability . . . from May 16, 2017, the alleged onset date, through December 31, 2022, the date last insured." Doc. 8-2 at 38. The ALJ determined at the RFC stage that Ream has the ability:

> to perform light work as defined in 20 CFR 404.1567(b) except that she could not climb ladders, ropes, or scaffolds and she could not have exposure to workplace hazards such as unprotected heights or open moving machinery. She could occasionally climb ramps and stairs, and she could occasionally balance, stoop, kneel, crouch, and crawl. The claimant could not tolerate concentrated exposure to extremes of cold, of heat, or vibration. She was limited to environs with no more than moderate noise levels, and she was limited to carrying out simple instructions.

*Id.* at 29. The ALJ denied Ream's disability claim at step five, after considering her "age, education, work experience, and residual functional capacity," because he found that "there were jobs that existed in significant numbers in the national economy that the claimant could have perform." *Id.* at 36.

On appeal, Ream argues that the ALJ erred by: (1) failing to properly evaluate her migraine headaches; (2) improperly evaluating the medical opinion evidence; and (3) failing to properly evaluate her symptoms. Doc. 16 at 8, 12, 19. The Court, adhering to the deferential standard of review outlined below, will affirm the decision of the Commissioner.

## II. <u>LEGAL STANDARD</u>

In reviewing the Commissioner's final decision denying a claimant's application for benefits, the Court is limited to determining whether the

findings of the final decision-maker are supported by substantial evidence in the record. *See* 42 U.S.C. § 1383(c)(3) (incorporating 42 U.S.C. § 405(g) by reference); *Johnson v. Comm'r of Soc. Sec.*, 529 F.3d 198, 200 (3d Cir. 2008); *Ficca v. Astrue*, 901 F. Supp. 2d 533, 536 (M.D. Pa. 2012). Under the substantial-evidence standard, a court examines an existing administrative record and asks whether it contains sufficient evidence to support the agency's factual determinations. *Biestek v. Berryhill*, 587 U.S. 97, 102 (2019). Substantial evidence does not mean a large or considerable amount of evidence, but rather "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* at 103; *see also Pierce v. Underwood*, 487 U.S. 552, 565 (1988). Substantial evidence is less than a preponderance of the evidence but more than a mere scintilla. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). A single piece of evidence is not substantial evidence if the ALJ ignores countervailing evidence or fails to resolve a conflict created by the evidence. *Mason v. Shalala*, 994 F.2d 1058, 1064 (3d Cir. 1993). In an adequately developed factual record, however, substantial evidence may be "something less than the weight of the evidence, and the possibility of drawing two inconsistent conclusions from the evidence does not prevent

[the ALJ's decision] from being supported by substantial evidence." *Consolo v. Fed. Mar. Comm'n*, 383 U.S. 607, 620 (1966). "In determining if the Commissioner's decision is supported by substantial evidence the court must scrutinize the record as a whole." *Leslie v. Barnhart*, 304 F. Supp. 2d 623, 627 (M.D. Pa. 2003). In reviewing the record for substantial evidence, "[n]either the district court nor [the Third Circuit] is empowered to weigh the evidence or substitute its conclusions for those of the fact-finder." *Williams*, 970 F.2d at 1182. To reverse the ALJ's findings and decision, the Court "must find that the evidence not only supports [a contrary] conclusion but compels it." *Immigr. & Naturalization Serv. v. Elias-Zacarias*, 502 U.S. 478, 481 n.1 (1992).

The question before the Court, therefore, is not whether Ream is disabled, but whether the Commissioner's finding that Ream is not disabled is supported by substantial evidence and was reached based upon a correct application of the relevant law. *See Arnold v. Colvin*, No. 12-2417, 2014 WL 940205, at *1 (M.D. Pa. Mar. 11, 2014) ("[I]t has been held that an ALJ's errors of law denote a lack of substantial evidence."); *Burton v. Schweiker*, 512 F. Supp. 913, 914 (W.D. Pa. 1981) ("The [Commissioner]'s determination as to the status of a claim

requires the correct application of the law to the facts."); *see also Wright v. Sullivan*, 900 F.2d 675, 678 (3d Cir. 1990) (noting that the scope of review on legal matters is plenary); *Ficca*, 901 F. Supp. 2d at 536 ("[T]he court has plenary review of all legal issues decided by the Commissioner."). In determining that question, the Court must evaluate whether the ALJ's decision meets the burden of articulation necessary to enable judicial review; that is, the ALJ must articulate the reasons for his decision beyond stating bare conclusions. *Burnett v. Comm'r of Soc. Sec.*, 220 F.3d 112, 119 (3d Cir. 2000).

## III. ANALYSIS

Ream argues that the ALJ erred by: (1) failing to properly evaluate her migraine headaches; (2) improperly evaluating the medical opinion evidence; and (3) failing to properly evaluate her symptoms. Doc. 16 at 8, 12, 19. After careful review, the Court finds that the ALJ's decision was supported by substantial evidence and will affirm.

### A. The ALJ's RFC findings are supported by substantial evidence.

Ream first argues that the ALJ failed to properly evaluate her migraine headaches. *Id.* at 8. Specifically, Ream argues that had the ALJ found that she needed to be away from her workstation due to migraines,

she may have been off-task in excess of the percentage of the workday that employers allow. *Id.* at 11-12.

The ALJ properly assessed and explained Ream's RFC concerning migraines. First, the ALJ evaluated Ream's treatment records for migraines and found that she responded to treatment. Doc. 8-2 at 31. The ALJ found that the headaches were better controlled and Botox had helped. *Id.* Moreover, even though her doctor had asked Ream to follow up with and re-establish care with CSF disorders group, Ream had not. *Id.* at 31-32. And Ream's follow up treatment with neurology described her MRI as stable. *See id.* at 36. Despite the objective medical record weighing against Ream's subjective allegations, the ALJ fully considered Ream's migraines and incorporated limitations for the impairment in the RFC. *See id.* at 35 (physical limitations), 36 (mental capacity limitation). Ream's subjective allegation did not warrant a greater limitation. *See Hartranft v. Apfel*, 181 F.3d 358, 362 (3d Cir. 1999), citing 20 C.F.R. § 404. 1529 ("Allegations of pain and other subjective symptoms must be supported by objective medical evidence."). The ALJ, therefore, reasonably concluded that the evidence does not support a greater limitation than those set forth in the RFC.

### B. The ALJ properly evaluated Dr. Kneifati's medical opinion.

Ream next argues that the ALJ failed to properly evaluate Dr. Kneifati's opinion. Doc. 16 at 12. Specifically, Ream argues that the ALJ cherry-picked the treatment notes and failed to consider that Dr. Kneifati's own examination findings supported his opinion. *Id.* at 14, 16. Ream's argument, in essence, requests the Court to reweigh the evidence.

When weighing medical opinions, an ALJ "must consider a range of factors, but all they must explain are the reasons for their decisions." *Zaborowski v. Comm'r of Soc. Sec.*, 115 F.4th 637, 638 (3d Cir. 2024). One way an ALJ can explain consistency and supportability is to compare the medical opinion with the source's own treatment records. *See, e.g., Swank v. O'Malley*, No. 3:23-CV-1244, 2024 WL 4858586, at *10 (M.D. Pa. Nov. 21, 2024) (finding no error in an ALJ's evaluation of a medical opinion where the ALJ noted that a claimant's treating source's opinion was internally inconsistent and was at odds with many treatment notes).

Another way an ALJ can explain supportability and consistency is to compare the opinion to the ALJ's "review of the record, and [how] it fit with the other evidence of [Ream's] condition and treatability." *Zaborowski*, 115 F.4th at 639-40. Here, the ALJ found Dr. Kneifati's

opinion unpersuasive, explaining that it is not supported by or consistent with the longitudinal evidence of record. Doc. 8-2 at 33. The ALJ further explained that Ream ambulated independently in 2022 and 2023, had at most mildly reduced strength in her right hand, and underwent conservative treatments with unremarkable objective findings on examination. *See id.* Even though Ream points the Court to consider aspects of her treatment records that support her allegations, the Court is not at liberty to reweigh the evidence in her favor. *Chandler v. Comm'r of Soc. Sec.*, 667 F.3d 356, 359 (3d Cir. 2011) ("Courts are not permitted to re-weigh the evidence or impose their own factual determinations."). Accordingly, the ALJ's evaluation of the medical opinion evidence was supported by substantial evidence.[1]

---

[1] Ream also argues that the ALJ erred in evaluating her symptoms by: (1) failing to consider her consistent work history; (2) improperly relying on the inference of "no distress" in assessing the RFC; (3) noting that Ream's treatment for her pain was routine in nature; and (4) ignoring Ream's qualifications as she carried out daily activities. Doc. 16 at 19-21. The Court finds that these arguments, presented under the umbrella of "multiple errors," amount to no more than a request to reweigh the evidence, and will summarily dismiss them. *See Jones v. Barnhart*, 365 F.3d 501, 505 (3d Cir. 2024) (explaining that an ALJ need not use particular language or adhere to a particular format in conducting his analysis); *Chandler*, 667 F.3d at 359 ("Courts are not permitted to re-weigh the evidence or impose their own factual determinations."); *Consolo*, 383 U.S. at 620 ("the possibility of drawing two inconsistent

On the whole, the ALJ's decision is supported by substantial evidence, and thus the Court will affirm the decision of the Commissioner.

## IV. CONCLUSION

Accordingly, the Commissioner's decision will be **AFFIRMED**.

An appropriate order follows.

Date: September 22, 2026

s/*Sean A. Camoni*
Sean A. Camoni
United States Magistrate Judge

---

conclusions from the evidence does not prevent [the ALJ's decision] from being supported by substantial evidence.").